# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONELLO BOLDRINI,

    Plaintiff,

    v.

JAMES R. BRUNO, M.D., *et al.*,

    Defendants.

CIVIL ACTION NO. 3:11-1401

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is Plaintiff Antonello Boldrini's Motion to Reinstate Action. (Doc. 8.) For the reasons that follow, the motion will be denied.

### **I. Background**

Plaintiff commenced this action, *pro se*, on July 28, 2011. (*Compl*.) Plaintiff avers that he is a citizen of Pennsylvania. (*Id*. at ¶ 1.) Plaintiff alleges that "Defendants James R. Bruno, M.D., is a physician licensed to practice medicine in the State [sic] of Pennsylvania with a principle office and interest at Pittston Medical Associates, 1099 Township Blvd. Suite D, Pittston, PA 18640." (*Id*. at ¶ 5.) Counts I and II, the only two of the Complaint, assert medical malpractice and wrongful death claims. (*Id*.)

Essentially, Plaintiff's Complaint states that Defendant Dr. Bruno failed to properly care for his wife prior to her death on July 28, 2009. (*Id*.) Specifically, Plaintiff claims:

> That on or about 2005-2008 and thereafter, Defendant breached the applicable necessary medical care owed to Plaintiff's wife Giuseppina by do not [sic] detecting a colon cancer which was developed on the patient, or order a colonoscopy. . . . [W]hich directly or indirectly caused the death of Plaintiff's wife and which is the direct cause of all of the Plaintiff's pain and damage.

(*Id*. at ¶ 49.) Furthemore:

> Defendant breached the applicable necessary medical care owed to the Plaintiff's wife Giuseppina by don't [sic] recommending the hysterectomy in February, 2008, or June 2008, or March 2009, or any time before June 21, 2009 when finally it was performed by Dr. Alexander at the University of Maryland.

(*Id*. at ¶ 51.)

On October 20, 2011, Magistrate Judge Blewitt issued a Report and

Recommendation recommending that Plaintiff's Complaint be dismissed for lack of jurisdiction. (Doc. 5.)  Additionally, Magistrate Judge Blewitt noted that the medical malpractice claims were not timely filed and that Plaintiff failed to file a Certificate of Merit as required by Pennsylvania law. (*Id*.) Objections to the Report and Recommendation were due on or before November 7, 2011. (*Id*.)

Rather than object to the Report and Recommendation, Plaintiff filed a Praecipe to Discontinue the Action. (Doc. 6.)  The action was discontinued by Order signed November 23, 2011. (Doc. 7.)  Now, Plaintiff is "looking to reopen the case" because he "found the proper documentation he needed to proceed with the case." (Doc. 8.)[1]

## II. Discussion

For reasons similar to those noted by Magistrate Judge Blewitt in recommending to dismiss Plaintiff's Complaint, the motion to reinstate will be denied.  For one, the Court lacks jurisdiction over Plaintiff's medical malpractice and wrongful death claims.  Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999).  The Complaint indicates that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332.  Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).  Of course, "[t]he person asserting jurisdiction bears the burden of showing that the

---

[1] Plaintiff's motion appears to be filed pursuant to Rule 60 of the Federal Rules of Civil Procedure.  A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc., v. Nemours Found*., 865 F.2d 530, 548 (3d Cir. 1988).  A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) not more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c).

2

case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he or she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir.1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed. 758 (1914).

Here, Plaintiff's Complaint indicates that both he and Defendant Dr. Bruno are located and domiciled in Pennsylvania. Thus, there is not diversity jurisdiction over this action because "complete diversity is lacking when the plaintiff is a citizen of one state and a defendant is a citizen of that same state." *Brett v. Brett*, No. 12-3301, 2012 WL 5450879, at *1 (3d Cir. Nov. 8, 2012) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)).[2]

---

[2] Moreover, Magistrate Judge Blewitt noted that while the wrongful death claims were filed two years from the date of Plaintiff's wife's death, Defendant Dr. Bruno's actions which Plaintiff alleges constitute malpractice all occurred before

3

Plaintiff will also not be permitted the opportunity to amend his Complaint. The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, "a district court not should dismiss a *pro se* complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile." *Brown v. Calabro*, No. 12-4011, 2013 WL 343457 (3d Cir. Jan. 30, 2012); *see also Thomas v. Advance Hous., Inc.*, 440 F. App'x 86, 87 (3d Cir. 2011) ("Before it dismisses a case for lack of subject matter jurisdiction, the district court must allow plaintiff a chance to amend his complaint, unless amendment would be inequitable or futile."). As the lack of subject matter jurisdiction over the action is apparent, it would be futile to allow Plaintiff to reinstate the action and file an amended complaint.

### III. Conclusion

For the above stated reasons, Plaintiff's Motion to Reinstate Action (Doc. 8) will be denied.

An appropriate order follows.

February 19, 2013　　　　　　　　　　　　　　/s/ A. Richard Caputo
Date　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

the end of June 2009, which was more than two years before the Complaint was filed on July 28, 2011. "In Pennsylvania, the applicable statute of limitations for personal injury actions, including medical malpractice, is two years." *Ballard v. Williams*, No. 10-1456, 2012 WL 4435118, at *3 (M.D. Pa. Sept. 24, 2012) (citing 42 Pa. Cons. Stat. § 5524). Here, the medical malpractice claims arose, and Plaintiff was aware that the claims arose, more than two years before he commenced this action. As a result, the medical malpractice claims are time-barred.

4